FILED
United States Court of Appeals
Tenth Circuit

July 26, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

GARY BALDWIN,

     Petitioner - Appellant,

v.

MOSES STANCIL, C.D.O.C. Executive
Director,

     Respondent - Appellee.

No. 24-1139
(D.C. No. 1:22-CV-02753-LTB-SBP)
(D. Colo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Gary Baldwin, a Colorado state prisoner proceeding pro se, seeks to appeal the

district court's dismissal of his habeas application.  We deny his request for a certificate

of appealability (COA) and dismiss this matter.

### I.     Background

In November 2021, Mr. Baldwin was convicted of second-degree murder in

Denver County and sentenced to forty-eight years in prison.  In January 2022, he filed a

direct appeal to the Colorado Court of Appeals.  While that appeal was still pending, he

filed a pro se motion in Colorado federal district court for habeas relief under 28 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2241.  In response, the state argued the action should be dismissed for failure to exhaust state court remedies.  As of October 2023, Mr. Baldwin had not yet filed an opening brief in his direct appeal in part because his "attorney had requested and received several extensions of that deadline."  *See* May 30, 2024, Order Denying Motion for Release from Confinement ("May 30, 2024, Order").  But Mr. Baldwin argued the exhaustion requirement should be excused because of inordinate delay in his appeal to the Colorado Court of Appeals.

A magistrate judge issued a recommendation in March 2024.  The magistrate judge construed Mr. Baldwin's petition as a § 2254 petition, concluding that his claims were directed at the validity of his conviction and sentence and not at the execution of his sentence.  The magistrate judge recognized that "a two-year delay in finally adjudicating a direct criminal appeal ordinarily will give rise to a presumption of inordinate delay," *see Harris v. Champion*, 15 F.3d 1538, 1560 (10th Cir. 1994), and that Mr. Baldwin's appeal had been pending for more than two years.  But the magistrate judge concluded that excusing exhaustion would be inappropriate for two reasons:  (1) the presumption is rebutted because Mr. Baldwin recently filed his opening brief, and (2) even if the presumption was not rebutted, his petition is a mixed petition and subject to dismissal.  Mr. Baldwin objected to the recommendation, but the district court overruled the objection and adopted the recommendation.  The district court dismissed his petition without prejudice for lack of exhaustion.

We affirm.

2

## II.    Analysis

"[H]abeas petitioners seeking relief in federal court must first exhaust all available state court remedies—[] unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)).  The exhaustion requirements generally apply whether an action is brought under § 2254 or § 2241.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  Mr. Baldwin does not argue he exhausted all available state court remedies and does not dispute his direct appeal is still ongoing.  He instead argues the exhaustion requirement should be excused.

Because the district court denied Mr. Baldwin's habeas petition on procedural grounds, he must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Mr. Baldwin fails to meet this standard.

"Exhaustion cannot be excused . . . unless the claims have been raised on the petitioner's direct state appeal and in his federal habeas action." *Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995).  The magistrate judge correctly found that only two of ten federal habeas claims had been raised in Mr. Baldwin's opening brief in his direct appeal.  Although Mr. Baldwin's direct appeal has been pending for more than two years, his application is subject to dismissal as a mixed petition.  A mixed petition contains both exhausted and unexhausted claims, and "a district court must dismiss habeas petitions

3

containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522

(1982). "[F]ederal district courts may not adjudicate mixed petitions for habeas corpus,

that is, petitions containing both exhausted and unexhausted claims." *Fairchild v.*

*Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (citations omitted). Because we "cannot

adjudicate the exhausted claims in a mixed petition," *Harris*, 48 F.3d at 1133, no

reasonable jurist would find it debatable that the district court was correct.

Nor did Mr. Baldwin dispute the district court's conclusion that his application is a

mixed petition. His failure to address this procedural ruling constitutes waiver of the

argument that reasonable jurists could debate it. Nonetheless, "[a] pro se litigant's

pleadings are to be construed liberally and held to a less stringent standard than formal

pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836,

840 (10th Cir. 2005). We therefore reiterate that

> a mixed petition may go forward in three circumstances.
> First, if the unexhausted claims would now be procedurally
> barred in state court (*e.g.*, due to passage of time), the district
> court may dismiss those claims for that reason and go forward
> on the exhausted claims only. . . . Second, the court may go
> forward on both exhausted and unexhausted claims if the
> State does not assert an exhaustion defense. . . . Third, if the
> unexhausted claims would fail on the merits anyway, the
> district court may deny them on the merits "notwithstanding
> the failure of the applicant to exhaust the remedies available
> in the courts of the State." 28 U.S.C. § 2254(b)(2). The first
> two possibilities do not apply to Baldwin's situation. The
> third is discretionary and would have been against Baldwin's
> interests in any event.

May 30, 2024, Order, n.1.

4

We deny his application for a certificate of appealability.  We dismiss this matter.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge